## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**ANDREW JAMES SOMERVILL,**
     **Plaintiff,**

**v.**
                                           **Civil Action No.** 2:25-cv-00350

**CODY L. CARTER, individually and in his**
**capacity as an officer with the**
**Logan County Sheriff's Department,**
**CHARLES ROSSER, individually**
**and in his capacity as an officer with the**
**Logan County Sheriff's Department,**
**JOHN DOE 1, individually**
**and in his capacity as an officer with the**
**Logan County Sheriff's Department,**
**JOHN DOE 2, individually**
**and in his capacity as an officer with the**
**Logan County Sheriff's Department,**
**JOHN DOE 3, individually**
**and in his capacity as an officer with the**
**Logan County Sheriff's Department,**
**PAUL D. CLEMENS, individually**
**and in his capacity as an officer and Sheriff of the**
**Logan County Sheriff's Department,**
**and LOGAN COUNTY COMMISSION,**
**a political subdivision of the State of**
**West Virginia,**

     **Defendants.**

## COMPLAINT

Plaintiff, Andrew James Somervill, brings this action pursuant to the provisions of 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, the West Virginia Constitution, the West Virginia Governmental Tort Claims and Insurance Reform Act, West Virginia Code § 29-12A-1, *et seq.* and other state and federal law, against Cody L. Carter, Charles Rosser, John Doe 1, John Doe 2, John Doe 3, Sheriff Paul D. Clemens, and the Logan County

Commission to recover damages and other relief for injuries he suffered as a result of the excessive use of force against him on June 5, 2024, in Logan County, West Virginia. In support of his Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391 because all defendants are located in the Southern District of West Virginia, Charleston Division, and the acts giving rise to this action occurred within the territorial boundaries of this District and Division.

## PARTIES

3.      The Plaintiff is, and was at all times relevant to this action, a resident of Wood County, West Virginia.

4.      Defendant Cody L. Carter ("Carter") is a citizen of West Virginia, and, upon information and belief, is a resident of Logan County, West Virginia. At all relevant times, Carter was an officer in the Logan County Sheriff's Department and was acting under color of law, within the scope of his employment, for and on behalf of the Logan County Commission and on behalf of himself.

5.      Defendant Charles Rosser ("Rosser") is a citizen of West Virginia, and, upon information and belief, is a resident of Logan County, West Virginia. At all relevant times, Rosser was an officer in the Logan County Sheriff's Department and was acting under color of law, within the scope of his employment, for and on behalf of the Logan County Commission and on

behalf of himself.

6.      Defendant John Doe 1 is a citizen of West Virginia, an officer in the Logan County Sheriff's Department and was acting under color of law, within the scope of his employment, for and on behalf of the Logan County Commission and on behalf of himself.

7.      Defendant John Doe 2 is a citizen of West Virginia, an officer in the Logan County Sheriff's Department and was acting under color of law, within the scope of his employment, for and on behalf of the Logan County Commission and on behalf of himself.

8.      Defendant John Doe 3 is a citizen of West Virginia, an officer in the Logan County Sheriff's Department and was acting under color of law, within the scope of his employment, for and on behalf of the Logan County Commission and on behalf of himself.

9.      Defendant Paul D. Clemens ("Clemens") is a citizen of West Virginia, and, upon information and belief, is a resident of Logan County, West Virginia. At all relevant times, Clemens was an officer and the Sheriff of the Logan County Sheriff's Department and was acting under color of law, within the scope of his employment, for and on behalf of the Logan County Commission and on behalf of himself.

10.      The Logan County Sheriff's Department is an instrumentality of the Logan County Commission and a political subdivision of the State of West Virginia and was, at all relevant times, the public employer of Defendants Carter, Rosser, Clemens, John Doe 1, John Doe 2, and John Doe 3.

11.      Defendant Logan County Commission is a county commission and a political subdivision of the State of West Virginia, and was, at all relevant times, an official entity which was responsible for the oversight of the Logan County Sheriff's Department and the oversight and employment of Defendants Carter, Rosser, Clemens John Doe 1, John Doe 2, and John Doe 3. The

County Commission is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for the injuries complained of by the Plaintiff.

12.    Plaintiff brings this action against all Defendant law enforcement employees in their official and also in their individual capacities and against the County Commission in its official capacity.

## **FACTS**

13.    On or about June 5, 2024, Defendants Carter and Rosser, acting within the scope of their employment as officers and agent of the Logan County Sheriff's Department, an instrumentality of the Logan County Commission, was alerted and responded to a motor vehicle pursuit involving the Logan Police Department which ended at Joey Dingess Hollow, Chapmanville, Logan County, West Virginia.

14.    When the Defendant Deputies arrived at the scene, Plaintiff Andrew James Somervill was handcuffed behind his back in the rear right back seat of the Logan Police Department cruiser. At least five Logan County Sheriff Deputies, as well as other officers, were on the scene.

15.    While Plaintiff Somervill was in the back of the cruiser, Defendant Deputy John Doe 1 instructed Defendant Rosser to strike Mr. Somervill.

16.    Defendant Rosser then entered the back seat of the cruiser and began to assault Plaintiff Somervill by repeatedly striking Mr. Somervill's head and body with closed fists. Defendant Rosser was wearing black gloves that Plaintiff believes, based upon the force of strikes and the severity of his injuries, were weighted or reinforced.

17.    Defendant Carter and Deputy John Doe 2 opened the opposing rear door and then

took turns assaulting Plaintiff Somervill by repeatedly striking Mr. Somervill's head and body with closed fists.

18. At no time did Mr. Somervill strike the police officers or make offensive fighting maneuvers as he was handcuffed in the backseat of a police cruiser.

19. Defendants Carter, Rosser and Jon Doe 2 rained blows to the head of Plaintiff Somervill that generally may only be justified in a deadly force situation.

20. Plaintiff Somervill was not armed, and at no time did he threaten any officer, or anyone else, nor did he represent a danger to himself or others. Plaintiff was not threatening deadly force against anyone.

21. Deputy John Doe 3 was also present at the scene. Neither John Doe No 3 nor any other of the Defendant Deputies took any action to intervene in the Plaintiff's beating by the other Defendant Deputies.

22. After the assault to Plaintiff Somervill's head and body, a city officer transported Plaintiff Somervill to Logan Regional Medical Center for medical treatment before transporting him to the Jail.

23. Both of Plaintiff Somervill's eyes were blackened, both of his ears were blackened, his nose was busted, his lip was busted and one of his teeth was knocked loose and his face was bloodied. At the Logan Regional Medical Center, Plaintiff Somervill was treated for injuries to his head including scattered contusions to the face including around the right eye and maxilla, left face and maxilla. His chest was tender to palpitation. Noted were "significant injuries to the face with multiple contusions and scattered bruising." Tooth and jaw injuries and chest pain were also noted.

24. Defendant Paul D. Clemens (the Sheriff of Logan County), the Logan County Sheriff's Office and ultimately the Logan County Commission are responsible for the policies,

procedures and practices implemented through their agents, departments, and employees, and for any injuries caused by them.

25.     Sheriff Paul D. Clemens, the Logan County Sheriff's Office and the Logan County Commission are aware that its police officers have a pattern and practice of using excessive force during the detainment and arrest of citizens, particularly resulting in head injuries requiring medical treatment.

26.     Sheriff Paul D. Clemens, the Logan County Sheriff's Office and the Logan County Commission have failed to take measures or act in the face of these constitutional transgressions to prohibit or curtail the use of excessive force by police officers.

27.     Sheriff Paul D. Clemens, the Logan County Sheriff's Office and the Logan County Commission have litigated prior excessive force, and other related claims, stemming from their actions toward residents of Logan County. These constitutional transgressions have taken place and have continued to take place over an extensive period of time, involving multiple officers in the same small county and in the same small department.

28.     In *United States v. Maynard*, in November 2021, Sheriff Paul D. Clemens testified: "Once you have them under arrest and you have them in handcuffs, it's over." See **Exhibit 1**. [JA, Page 69.] This is the "general rule" to be followed by all law enforcement in the State of West Virginia. **Id**. [JA, 71-72.] You can cause brain damage. So you try to stay away from the head area." **Id**. [JA, Page 92.]

25.     Andrew Bias, now a Deputy with the Logan County Sheriff's Office, also testified in *United States v. Maynard*. Deputy Bias testified that force should "never" be applied to an arrestee's head unless justified because "you could easily hurt them or kill them." **Id. [**JA, Page 160.]

26.     In that same case, Dr. Glenn Hayes testified that he "sees a lot of inmates who are brought to Logan Regional Medical Center to be checked to be taken to the jails."—"Numerous patients." **Id**. [JA, Page 220-221.]

27.     The Logan County Sheriff's Department and Deputy James Brown were accused of excessive force in 2013 in the arrest of Charles Allen Simpkins. *See* **Exhibit 2**, *Simpkins v. Logan County Sheriff's Dep't,* Civil Action No. 2:13-16613 (S.D.W.Va.). In the *Simpkins* case, Deputy James Brown, during transport, stopped his patrol vehicle and while wearing weighted and/or reinforced gloves punched and kicked the handcuffed Plaintiff repeatedly, resulting in fracture of that Plaintiff's nasal bone, facial contusions, scalp contusions, and other injuries necessitating medical treatment at the Logan Regional Medical Center.

28.     The Logan County Commission and Logan County Sheriff Deputy Robert Johnson were accused of excessive force in the arrest of Mark E. Messer in 2018. *See* **Exhibit 3**, *Messer v. Johnson,* Civil Action No. 2:18-cv-00524 (S.D.W.Va.). In the *Messer* case, the plaintiff, while handcuffed, was slammed face first into the ground by Deputy Robert Johnson. Witnesses heard the plaintiff's head and face crack loudly on the ground and start bleeding profusely. The plaintiff was rendered immediately unconscious. He was rushed to Logan General Hospital, then rushed to Charleston Area Medical Center. There the plaintiff was placed in the ICU and remained unconscious and on life support for 17 days. That plaintiff underwent extensive medical treatment and rehabilitation.

29.     The Logan County Commission and Deputies Matthew Carter and Gage Harvey were accused of violating the rights of and physically beating Earl Jones Jr. and his co-worker, Roy Chandler, in 2018. (*See* **Exhibits 4 and 5**, Civil Action Nos. 18-C-245 and 18-C-238 in the Circuit Court of Logan County, West Virginia.) Deputy Carter was accused of beating Mr. Jones

(after Mr. Jones was handcuffed) with his fists and with a pipe or some other blunt instrument. Mr. Chandler turned away because the beating was so severe and then Deputy Carter stopped beating Mr. Jones and struck Mr. Chandler in the head with the blunt object. Both Mr. Jones and Mr. Chandler required medical care at the local hospital for their resulting injuries.

30.     The Logan County Sheriff's Department, Deputy Coty Crum and Deputy Zachary Lilly were accused of excessive force in the arrest of John David Lilly in 2019. *See* **Exhibit 6**, *Lilly v. Crum,* Civil Action No. 2:19-cv-00189 (S.D.W.Va.). In *Lilly*, the plaintiff was handcuffed and placed in the back of the police cruiser. He was then pepper sprayed. Soon thereafter, Deputy Crum got into the back seat of the cruiser and beat the plaintiff (while he was handcuffed) on the left side of his head, face, neck, and other areas of his body. Deputy Crum was wearing "weighted lead or steel knuckle gloves" during the beating of the plaintiff. While the officers did not take that plaintiff for medical treatment, the Southwest Regional Jail noted the plaintiff's injuries as including a "[l]arge amount of edema [swelling] noted to the left jaw area and left ear," as well as other injuries, necessitating transport from the Jail to the Logan Regional Medical Center (where dried blood and swelling from his ear was noted) and then onto Pikeville Medical Center for elevated trauma care.

31.     The Sheriff and the County Commission are liable for payment of the medical care of persons who are in custodial situations or conditions other than incarceration in jail. *See* West Virginia Code § 7-8-2. The Logan Sheriff and the Logan County Commission had notice of the medical bills and the necessary medical treatment of those injured while in custody of the Sheriff's Department.

32.     Through these cases, and the resulting injuries and medical treatment of the Plaintiffs, Sheriff Clemens and the Logan County Commission had notice of the custom and

practice of their Deputies excessive force and the beating, striking and injuring of detainees/arrestees' heads, often when they were handcuffed, with fists and objects to the point of necessitating medical treatment.

33.    On June 6, 2024, Ernest James Vance, was also beaten by Logan County Sheriff Deputies Carter, Rosser, Lilly, and Workman. These Deputies utilized a choking mechanism on Ernest Vance, as well as repeatedly striking Mr. Vance in head and body with closed fists, weighted/reinforced gloves and a flashlight. Mr. Vance was eventually rendered unconscious and medical treatment was necessary. *See* **Exhibit 7**.

34.    A Logan County citizen also appeared before the Logan County Commission on November 24, 2024, to relay to the Commission numerous instances of the county deputies acting, in his words, as "thugs," "a death squad" and "a death force." He relayed to the Commission that the officers had killed his nephew in the process of an arrest and that a man on the streets of Logan was beat to death by officers. He spoke to the Commission about Earl Jones, Jr. He spoke of a video where four deputies jumped onto a man with his hands raised and beat the man in the head. Based on his observation, "they were not trying to arrest this man, they were trying to kill this man." He spoke of a man whose head was hit on the asphalt so hard that it killed him. He stated that just because someone "does something wrong does not give them a right to come in and kill you just because they've got a badge." He asked the County Commission to look into the actions of the officers. He stated that "people are afraid to come forward and say anything." He stated that there's no one checking on these officers, and that somebody had to speak up for the people in the County. The Commission made no comments to the citizen after he spoke and adjourned their meeting.      (https://www.facebook.com/100068860554492/videos/logan-county-commission-meeting-november-4-2024-l/574639431634809/.)  The  Commission  has  not  mentioned  the

citizen's complaint or addressed any of the instances raised by the citizen in their public meetings since that date.

35.    Upon information and belief, the Logan County Sheriff's Department has a small number of deputies on its force. The number of deputies in this small department involved in the incidents here show the *de facto* custom and practice of the Deputies improperly and unlawfully beating, striking and injuring detainees/arrestees heads with fists and objects, often when they are handcuffed, causing serious injuries and necessitating medical treatment.

36.    Despite notice of this engrained custom and practice and the likelihood (and increased likelihood based upon the increasing number and closeness in proximity of time of the recent transgressions of this small police force) that it would happen in this instance, Defendant Clemens and Defendant Logan County Commission failed to act in the face of the described constitutional transgressions and were deliberately indifferent to the constitutional rights of Logan County citizens, including the Plaintiff.

37.    At all relevant times here, the conduct of all Defendants was subject to 42 U.S.C. § 1983, the United States Constitution, the West Virginia Constitution and the laws of the States of West Virginia.

38.    At all times material to this Complaint, Defendants Carter, Rosser, John Doe 1, John Doe 2, and John Doe 3, acted towards the Plaintiff under color of the statutes, ordinances, customs, and usage of the State of West Virginia, Logan County, and the Logan County Sheriff's Department.

39.    Defendants' conduct violated a clearly established statutory, regulatory, or constitutional laws or rights of which a reasonable person would have known.

40.    At all times during the events described above, the Defendants were engaged in a

joint venture or enterprise. The individual officers assisted each other in performing the acts described herein and lent their physical presence and support and their authority of their office to each other during the said events. None of the Defendant officers intervened to stop the wrongful actions of the other Defendant officers.

41.     Acting under the color of law, Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, Clemens, and the Logan County Commission denied the Plaintiff rights, privileges and immunities secured by the United States Constitution and federal law and the West Virginia Constitution and West Virginia law by using excessive force against him thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth Amendment to the Constitution of the United States, as applied through the Fourteenth Amendment and under West Virginia Constitution and West Virginia law.

42.     The aforesaid acts and conduct of Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, Clemens, and the Logan County Commission were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or outrageous, reckless and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

43.     As a result of the actions of the Defendants, the Plaintiff suffered physical and bodily injuries; medical expenses; future medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and further damages recoverable under and pursuant to state and federal laws.

**<u>COUNT ONE</u>**

44.     Plaintiff incorporates by reference all the allegations contained in the previous

paragraphs.

45.     Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, Clemens and the Logan County Commission had a duty to act with reasonable care in their interactions affecting the Plaintiff. It was reasonably foreseeable to all of the Defendants that Plaintiff would be harmed as a result of the actions of Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, and Clemens.

46.     Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, Clemens and the Logan County Commission breached that duty by injuring Plaintiff while acting within the scope of their employment and by negligently, recklessly, wrongfully and/or willfully failing to keep him from harm.

47.     Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, Clemens, and the Logan County Commission breached that duty by other acts and omissions that may reveal themselves in the course of discovery in this matter.

48.     The conduct of Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, and Clemens as described herein violated a clearly established statutory or constitutional laws or rights of which a reasonable person would have known.

49.     Pursuant to West Virginia Code § 29-12A-4(c)(2), the Logan County Commission is liable for the negligent, reckless and/or wrongful injury to Plaintiff caused by Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, and Clemens, while acting within the scope of their employment.

50.     Defendants are liable for negligently failing to comply with federal constitutional standards and state standards for use of force against a suspect.

51.     Defendants are liable for other wrongful acts and omissions that may reveal

themselves in the course of discovery in this matter.

52.    As a direct and proximate result of the Defendants' negligent, reckless and/or wrongful conduct, the Plaintiff was damaged, including physical and bodily injuries; medical expenses; future medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and further damages recoverable by law. The Plaintiff is entitled to recover damages for the same.

53.    The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or outrageous, reckless and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## **COUNT TWO**

54.    Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

55.    Sheriff Paul D. Clemens specifically owed Plaintiff a duty of reasonable care and other duties required by law, the violation of which he and Defendant Logan County Commission are liable.

56.    Defendants Carter, Rosser, John Doe 1, John Doe 2, and John Doe 3 were agents and employees of the Logan County Sheriff's Department, who were supervised by Defendant Clemens.

57.    Plaintiff is informed and believes that the Sheriff Paul D. Clemens breached that duty by negligently, recklessly and/or wrongfully failing to supervise and failing to train and/or retrain deputies, and failing to discipline deputies, including the Defendant Deputies

Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, relating to reasonable use of force and the dangers of using force to the head in detainments and arrests, and relating to using force after a suspect/detainee is handcuffed.

58.    Defendant Clemens negligently, recklessly and/or willfully breached his duty by other wrongful acts and omissions that may reveal themselves in the course of discovery in this matter.

59.    Based upon such information and belief, it was reasonably foreseeable to Defendant Clemens that the Plaintiff and others could or would be harmed by Defendant officers' acts, conduct and omissions while in the scope of their employment.

60.    As a direct and proximate result of the negligent, recklessness and/or wrongful conduct of Defendant Clemens to supervise and train and/or retrain the Defendant Deputies, Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

61.    The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT THREE

62.    Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

63.    The Logan County Commission specifically owed Plaintiff a duty of

reasonable care and other duties specified by law.

64.     The Logan County Commission is liable for the acts and omissions of Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, and Clemens.

65.     Plaintiff is informed and believes that the Logan County Commission breached its duty by failing to supervise and failing to train and/or retrain its officers, and failing to discipline its officers, including Defendant Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, and Clemens, relating to reasonable use of force and the dangers of using force to the head in detainments and arrests, and relating to using force after a suspect/detainee is handcuffed, and accordingly failed to act in the face of, acquiesced to, and were deliberately indifferent to, the constitutional transgressions pleaded within this Complaint.

66.     Defendant Logan County Commission breached his duty by other wrongful acts and omissions that may reveal themselves in the course of discovery in this matter.

67.     Based upon such information and belief, it was reasonably foreseeable to Defendant Logan County Commission that the Plaintiff and others could or would be harmed by Defendant officers' acts, conduct and omissions while in the scope of their employment.

68.     As a direct and proximate result of the negligence of Defendant Logan County Commission to supervise and train and/or retrain all of the Defendant officers, Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

69.     The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health,

safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## <u>COUNT FOUR</u>

70.     Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

71.     Upon information and belief, Defendants Carter, Rosser, John Doe 1, John Doe 2, and John Doe 3 acted with malicious purpose, in bad faith, and in a wanton and reckless manner causing injury and emotional distress to Plaintiff while acting within the scope of their employment.

72.     Pursuant to West Virginia Code § 29-12A-4(c)(2), the Logan County Commission is liable for injury to the Plaintiff caused by Defendants Carter and Rosser, while acting within the scope of their employment.

73.     The actions of Defendants Carter and Rosser, in their conduct involving the Plaintiff as stated herein and under all other circumstances was outrageous conduct which no reasonable person should be required to endure.

74.     It was reasonably foreseeable that these Defendants' outrageous conduct would cause severe emotional distress to the Plaintiff.

75.     As a direct and proximate result of the outrageous conduct of these Defendants Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

76.     The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of

substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT FIVE

77.     Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

78.     Defendants Carter, Rosser, John Doe 1, John Doe 2, John Doe 3, and Clemens acted negligently causing injury and emotional distress to Plaintiff while acting within the scope of their employment.

79.     Pursuant to West Virginia Code § 29-12A-4(c)(2), the Logan County Commission is liable for the injury to Plaintiff caused by Defendants Carter, Rosser, and Clemens while acting within the scope of their employment.

80.     It was reasonably foreseeable that the Defendants' conduct would cause emotional distress to the Plaintiff.

81.     As a direct and proximate result of the conduct of these Defendants Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

82.     The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT SIX

83.    Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

84.    Defendants Carter, Rosser and John Doe 2 recklessly and/or unlawfully committed a violent injury on Plaintiff.

85.    Defendants Carter, Rosser and John Doe 2 recklessly and/or unlawfully engaged in conduct that placed Plaintiff in reasonable apprehension of immediate violent injury.

86.    Pursuant to West Virginia Code § 29-12A-4(c)(2), the Logan County Commission is liable for the injury to Plaintiff caused by Defendants Carter, Rosser and John Doe 2 while acting within the scope of their employment.

87.    As a direct and proximate result of the conduct of these Defendants Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

88.    The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT SEVEN

89.    Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

90.     Defendants Carter, Rosser and John Doe 2 unlawfully, recklessly, and/or intentionally made physical contact of an insulting or provoking nature with Plaintiff.

91.     Defendants Carter, Rosser and John Doe 2 unlawfully recklessly, and/or intentionally caused physical harm to Plaintiff.

92.     Pursuant to West Virginia Code § 29-12A-4(c)(2), the Logan County Commission is liable for the injuries to Plaintiff caused by Defendants Carter, Rosser and John Doe 2 while acting within the scope of their employment.

93.     As a direct and proximate result of the conduct of these Defendants Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

94.     The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT EIGHT

95.     Plaintiff incorporates by reference all allegations contained in the previous paragraphs.

96.     Defendants Carter, Rosser and John Doe 2 used excessive force against Plaintiff during his arrest, as described above in detail.

97.     Defendants Carter, Rosser and John Doe 2 used excessive force against Plaintiff when they beat him in the head and body, causing injuries to his head, face and body. Such actions

were gratuitous acts of violence that were also very plainly likely to result in serious bodily injury or death and were in no way justified or excused by the actions of the Plaintiff, who was unarmed and was posing no threat to the officers at the time of the beating. Further, the beating of a detainee handcuffed in the back of a cruiser is not a standard or approved police procedure.

98.    No objectively reasonable police officer should have perceived that the Plaintiff posed an immediate threat to the safety of Defendants officers or others, when these Defendants beat the Plaintiff in the head and body while he was handcuffed in the back of a police cruiser and otherwise under one or more of the Defendant officers' control.

99.    These Defendants, as described above, while acting under the color of law, denied Plaintiff the rights, privileges, and immunities secured to him by the United States Constitution and federal law, the West Virginia Constitution, and West Virginia law by using excessive force against him, thereby depriving Plaintiff of all rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and West Virginia law.

100.    As a direct and proximate result of the acts of the Defendants Carter, Rosser and John Doe 2, the Plaintiff suffered a violation of his constitutional rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution and other laws.

101.    Defendants Carter, Rosser and John Doe 2's actions were objectively unreasonable, unlawful, unwarranted, and in violation of Plaintiff's clearly established procedural and substantive rights, including the Fourth Amendment of the United States Constitution.

102.    Defendants Carter, Rosser and John Doe 2's actions were willful, wanton, intentional, malicious and done with a callous and reckless disregard for Plaintiff's Fourth and Fourteenth Amendment right to be free from excessive force.

103.    Upon information and belief, other persons similarly situated are in danger of violations of their constitutional rights and privileges by the Defendants Carter, Rosser, and John Doe 2, who it is shown are not adequately supervised or sufficiently trained in the proper use of force and there is a substantial likelihood of a re-occurrence of such actions.

104.    As a direct and proximate result of the conduct of these Defendants Plaintiff was damaged, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law. The Plaintiff is entitled to recover damages for the same.

105.    The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

106.    The Plaintiff is entitled to an award of attorney's fees and costs pursuant to the provisions of 42 U.S.C. §1988.

## **COUNT NINE**

107.    Plaintiff incorporates by reference all of the allegations contained in the previous paragraphs.

108.    Upon information and belief, prior to June 5, 2024, the Logan County Sheriff's Department and the Logan County Commission maintained and continued policies or customs, and/or practices, exhibiting deliberate indifference to the constitutional rights of persons in and around Logan County, which caused the violation of the Plaintiff's constitutional rights.  Upon information and belief, the Defendants failed to act in the face of the constitutional transgressions

21

of its Deputies including as specified above, and tacitly approved of and acquiesced in the improper

use of excessive force, and directly or indirectly authorized their police officers to act in a reckless,

negligent and improper manner so that the constitutional rights of the Plaintiff and other persons

similarly situated have been and will be violated.

109.    Despite the knowledge of the Logan County Sheriff and the Logan County

Commission that force to the head, was likely to result in serious injury or death, and despite being

on notice that its Deputies were repeatedly and unjustifiably using such force, even after the

detainees were in handcuffs, the Logan County Sheriff and the Logan County Commission failed

to act in the face of such constitutional transgressions and failed to take action to adequately and

properly train and/or re-train and supervise its police officers, including the Defendant Deputies

named in this Complaint. Upon information and belief, the Logan County Sheriff and Logan

County Commission improperly tolerated and implicitly approved of acts of misconduct by its

officers and failed to adequately supervise and require appropriate training and/or re-training of

officers.

110.    Upon information and belief, the Logan County Sheriff and the Logan County

Commission failed to adequately discourage further constitutional violations on the part of its

police officers, resulting in a high likelihood of additional re-occurrences of the same improper

misconduct.

111.    Upon information and belief, as a result of the above-described *de facto* policies

and customs, officers of the Logan County Sheriff's Department, including the Defendant

Deputies named in this Complaint, believed that their actions would not be properly monitored by

supervisory officers and that misconduct would not be sanctioned, but rather would be tolerated.

112.    Upon information and belief, acting under color of law and pursuant to official

policy or custom, the Logan County Sheriff and the Logan County Commission knowingly, recklessly, or with gross negligence, failed to act, train and/or re-train, supervise, control and discipline the Defendant Deputies in their duties to refrain from unlawfully and maliciously injuring a suspect; unlawfully and maliciously committing assault and battery upon a suspect through the use of excessive force; and otherwise depriving the Plaintiff of the constitutional and statutory rights, privileges and immunities to which he is entitled by virtue of the United States Constitution, the Constitution of the State of West Virginia, and all federal and state laws, statutes, rules, regulations and procedures.

113.    Upon information and belief, the Logan County Sheriff and the Logan County Commission had knowledge or, had they diligently exercised their duties to act, instruct, supervise, and control on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.  Said Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

114.    Upon information and belief, the Logan County Sheriff and the Logan County Commission directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Deputies described in this Complaint.

115.    As a direct and proximate cause of the negligent and intentional acts of the Logan County Sheriff and the Logan County Commission, the Plaintiff suffered injury, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and all other damages allowed by law in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth Amendment of the Constitution of the United States and protected by 42 U.S.C. 1983 and protected by West Virginia law.

116.     Upon information and belief, the above-described policies and customs and practices demonstrate a deliberate indifference on the part of the Logan County Sheriff and the Logan County Commission to the constitutional rights of persons in Logan County and were the cause of the violations of the Plaintiff's constitutional rights and privileges as alleged in this Complaint.

117.     Unless such alleged practices are curtailed, there is a high likelihood of a recurrence of such unconstitutional acts by all of the named Defendants.

118.     As a direct and proximate cause of the actions of the Defendants Logan County Sheriff and the Logan County Commission, the Plaintiff suffered a loss of his liberty and freedom, resulting in physical harm and emotional distress, and other damages as described above.

119.     The aforesaid acts and conduct of the Defendants were willful, wrongful, deliberate, malicious, in conscious disregard of the rights of Plaintiff, in contravention of substantial public policy, and were a conscious, reckless and outrageous, indifference to the health, safety and welfare of the Plaintiff, and/or were and/or extremely negligent and were such that Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

120.     As a direct and proximate cause of the negligent and intentional acts of the Logan County Sheriff and the Logan County Commission as set forth herein, the Plaintiff suffered injury, including physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and further damages recoverable under applicable laws, and for which he is entitled to compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the above stated facts and those that reveal themselves during the discovery of this matter, Plaintiff respectfully requests that this Honorable Court award

damages against the Defendants in an amount to be determined at trial, which will fairly and reasonably compensate Plaintiff for physical and bodily injuries, medical expenses; mental pain and suffering and severe emotional and mental distress; fear; and further damages recoverable under and pursuant to applicable federal and state laws; punitive damages against the Defendants in an amount to be determined at trial; reasonable attorneys' fees and costs; and all other relief for the Plaintiff that this Court deems just and fair.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

ANDREW JAMES SOMERVILL,
By Counsel,

*/s/ Marvin W. Masters*
Marvin W. Masters (WV Bar No. 2359)
The Masters Law Firm
181 Summers Street
Charleston, WV 25301
(304) 342-3106
Fax: (304) 342-3189
mwm@themasterslawfirm.com

H. Truman Chafin (WV Bar No. 684)
Letitia Neese Chafin (WV Bar No. 7207)
Stacey Kohari (WV Bar No. 7207)
The Chafin Law Firm, PLLC
Post Office Box 1799
Williamson, WV 25661
(304) 235-2221
Fax: (304) 235-2777
Truman@thechafinlawfirm.com
Tish@thechafinlawfirm.com
Stacey@thechafinlawfirm.com

*Counsel for the Plaintiff*
F:/2/815/p001_final.docx