**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANDREW JAMES SOMERVILL,

      Plaintiff,

v.                                    CIVIL ACTION NO. 2:25-cv-00350

CODY L. CARTER, et al.,

      Defendants.

### **<u>ORDER</u>**

This matter is before the Court on Plaintiff's *Motion for Leave to File Motion(s) to Compel Under Seal.* (ECF No. 45). Therein, Plaintiff seeks leave to file anticipated discovery motions under seal. *Id.* In support, Plaintiff asserts only that the discovery motions "will reference documents that have been designated as confidential by the Defendants and will contain information that is subject to the confidentiality provisions of the Agreed Protective Order." (ECF No. 46).

As the Fourth Circuit Court of Appeals explained, "[i]t is well settled that the public and press have qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Gray Media Grp., Inc. v. Loveridge*, 155 F.4th 330, 339 (4th Cir. 2025). The right of public access "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Id.* The common-law right of access extends more broadly "to all judicial documents and records, and the presumptive right of access can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access." *Id.* Unlike the

common-law right, the First Amendment right of access extends only to certain judicial proceedings and records "(1) that ha[ve] historically been open to the press and general public; and (2) where public access plays a significant positive role in the functioning of the particular process in question." *Id.* "Regardless of the basis for the right of public access—the First Amendment or the common law—this right may be abrogated only in unusual circumstances." *Id. See also* L.R. Civ. P. 26.4(c)(1) ("The rule [requiring public inspection of court documents] may be abrogated only in exceptional circumstances.").

Pursuant to this standard, the Fourth Circuit made it clear that "the First Amendment right of public access is too precious to be foreclosed by conclusory assertions or unsupported speculation," such that "broad and general findings are insufficient to justify sealing." *Gray*, 155 F.4th at 340. Ultimately, whether to seal documents under the common law is a decision "left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Trull v. W. Va. Mut. Ins. Co.*, 3:24-cv-0202, 2025 WL 1691275, at *1 (S.D.W. Va. June 16, 2025). Furthermore, in order to enter an order sealing a document, "a district court . . . must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at *2. Consequently, the party seeking to seal a document bears the burden of demonstrating that "countervailing interests outweigh the public interest in accessing the documents," and, to meet this burden, the movant may not  merely "represent that they have made [a] motion [to seal] pursuant to [an] agreed upon Protective Order." *Id.* at *1-2. Moreover, Rule 26.4(c)(2) of the Court's Local Rules of Civil Procedure requires a motion to seal to be "accompanied by a memorandum of law which contains: (A) the reasons why sealing is necessary, *including*

*the reasons why alternatives to sealing, such as redaction, are inadequate*; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." L.R. Civ. P. 26.4(c)(2) (emphasis added).

In *Trull*, for instance, this Court denied a motion to seal when the movant made only "cursory contentions" that their memorandum in support of summary judgment should be sealed because the memorandum referenced documents identified as confidential under the parties' Protective Order. *Id.* at *2-3. Here, just as in *Trull*, Plaintiff has made only a cursory contention that the anticipated motion addresses documents which are subject to the parties' agreed protective order. Plaintiff referenced Local Rule 26.4, but failed to address the three factors enumerated in 26.4(c)(2). Without such information—particularly absent a discussion addressing why redaction would be inadequate such that wholesale sealing of the entire motion is necessary—the Court is unable to make the requisite findings to seal a document in accordance with the Fourth Circuit's directive to district courts.

In light of the foregoing, **IT IS ORDERED** that *Plaintiff's Motion for Leave to File Motion(s) to Compel Under Seal* (ECF No. 45) is **DENIED**, without prejudice.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTERED:   July 15, 2026

Dwane L. Tinsley
United States Magistrate Judge